The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner Lorrie L. Dollar and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the evidence, the Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
Previously in this case plaintiff was represented by Attorney Edward J. Falcone of Durham, North Carolina, who withdrew as counsel of record prior to the filing of Deputy
Commissioner Dollar's Opinion and Award.
The objection raised in the deposition of Dr. Spanos is OVERRULED.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in an Industrial Commission Form 21 Agreement for Compensation, approved 2 May 1991, and corrected 9 January 1992, in the Industrial Commission Form 26 Supplemental Agreement, approved 27 January 1991, and in the Pre-Trial Agreement filed 1 August 1994, as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and an employment relationship existed between the parties on 14 April 1990.
2. Defendant was a duly qualified self-insured with R. E. Pratt Company as the servicing agent.
3. On 14 April 1990, plaintiff sustained an admittedly compensable injury by accident to her back, as a result of which the parties entered into a formal Agreements for Compensation.
4. Plaintiff's average weekly wage was $930.23 which yielded a compensation rate of $390.00.
5. Pursuant to the agreements for compensation, plaintiff received 39 and 6/7's weeks of temporary total disability compensation from 28 April 1990 through 31 January 1990.
6. Plaintiff began receiving temporary partial disability compensation on 21 January 1991 upon her return to work. Compensation was at the rate of $68.83 per week.
7. The issues for determination are:
 a. Whether plaintiff is entitled to compensation for permanent partial disability compensation; and
 b. Whether plaintiff is entitled to temporary partial disability compensation.
* * * * * * * * * * * *
The Full Commission rejects the findings of fact founds by the Deputy Commissioner and enters the following:
FINDINGS OF FACT
1. On the date of the initial hearing before Deputy Commissioner Lorrie L. Dollar on 2 August 1994, plaintiff was a forty-seven (47) year old female. At the time of her compensable injury by accident on 14 April 1990 plaintiff was employed as a registered nurse for defendant-employer. Plaintiff completed a graduate course on 1992 toward a degree in Public Administration.
2. In 1987, plaintiff sustained a non-compensable injury to her back which as a result thereof she underwent a hemilaminectomy on the right side at L4-L5 on or about 12 April 1989.
3. On 14 April 1990 plaintiff sustained an admittedly compensable injury to her back while working for defendant-employer. The injury occurred as plaintiff was assisting a patient into a wheelchair when the patient began to fall. Plaintiff attempted to break the patient's fall, but nonetheless the patient fell, landing on plaintiff and injuring plaintiff's back.
4. Following plaintiff's compensable back injury on 14 April 1990 she continued to work for defendant-employer until 24 April 1990 when she sought medical treatment.
5. On 24 April 1990, and as a result of her injury by accident, plaintiff was seen by Dr. Linda Frazier. Dr. Frazier noted that plaintiff was experiencing tenderness at T4-T6 and in her lower back at L1-S1. Plaintiff was diagnosed as having sustained a muscle strain and/or sprain and was prescribed several medications to alleviate her symptoms.
6. Plaintiff was referred to Southwind Rehabilitation Program in June of 1990 and where she remained enrolled until completing the program on 11 September 1990.
7. As the result of the injury by accident plaintiff was removed from work and pursuant to an Industrial Commission Form 21 was paid temporary total disability compensation at the rate of $390.00 per week. According to the Industrial Commission Form 26 (b) contained in the file, plaintiff received temporary total disability compensation from 28 April 1990 through 31 January 1991.
8. On 21 January 1991 plaintiff returned to work for defendant-employer in a position temporarily funded by a grant. Plaintiff worked in this position through 31 July 1991 when the funding ended. Plaintiff earned less in this position than in her former position with defendant-employer prior to her injury by accident on 14 April 1990. From 21 January 1991 through 31 July 1991 plaintiff was paid temporary partial disability compensation at the rate of $69.83 per week.
9. During the period plaintiff worked in the temporarily funded position with defendant-employer she continued to experience back pain as the result of her injury by accident, was fatigued and had to lie down and rest at the end of the work day.
10. From the time funding ended for the temporary on 31 July 1991, plaintiff continued to experience debilitating pain and spasms in her back as the result of her injury by accident on 14 April 1990.
11. On 23 August 1991 plaintiff reached maximum medical improvement and was given a forty (40) percent permanent partial disability rating for her back. This rating did not include a rating for plaintiff's prior non-compensable injury in 1987 and resulting surgery in 1989.
12. On 17 February 1991 plaintiff was given a second diagnosis by Dr. Frazier. and plaintiff was diagnosed as having ongoing chronic pain syndrome. With that condition, despite some periods of manageable pain, plaintiff's overall condition of continued, often severe pain and spasms is not going to change appreciably over time.
13. Plaintiff was also examined in 1993 by chiropractor George Manlove and diagnosed as having chronic lumbar facet joint syndrome and myofascitis of lumbar paraspinal muscles. Plaintiff was given a lifting restriction of fifteen (15) pounds.
14. From 31 July 1991 trough the present date, defendant-employer has not offered plaintiff a job suitable to her condition and limitations.
15. When plaintiff's temporarily funded position with defendant-employer ended on 31 July 1991 she, in good faith, sought employment on her own and with some assistance of rehabilitation counselors assigned by defendant. Plaintiff was unable to find suitable employment until 24 January 1994 when she found work at a nursing home as a staff development coordinator. Plaintiff worked in this position until 4 March 1994 when she was discharged because of her inability to perform her job due to the physical limitations caused by her compensable back injury.
16. As the result of her 14 April 1990 injury by accident, from 31 July 1991 to 24 January 1994, and from 4 March 1994 to the present and continuing, plaintiff has been and/or is capable of performing some work, but after reasonable efforts has been unable to find suitable employment.
17. As the result of her 14 April 1990 injury by accident, from 31 July 1991 through 24 January 1994 and from 4 March 1994 through the present and continuing, plaintiff has been unable to earn wages in her former position with defendant-employer or in any other employment.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 14 April 1990 plaintiff sustained an injury by accident to her back arising out of and in the course of her employment with defendant-employer. G.S. § 97-2 (6).
2. As the result of the 14 April 1990 injury by accident plaintiff is entitled to be paid by defendant temporary total disability compensation at the rate of $390.00 per week from 31 July 1991 to 24 January 1994 and from 4 March 1994 to the present and continuing. G.S. § 97-29.
3. As the result of her 14 April 1990 injury by accident, plaintiff is entitled to have all reasonably related medical expenses incurred or to be incurred paid by defendant. G.S. § 97-25.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff temporary total disability compensation at the rate of $390.00 per week for the periods 31 July 1991 to 24 January 1994 and from 4 March 1994 to the present and continuing until such time as plaintiff obtains suitable employment or defendant receives further Order from the Commission.
2. Defendant shall pay all reasonable medical expenses incurred or to be incurred by plaintiff when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Commission.
3. Defendant shall pay the costs due this Commission.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ COY M. VANCE COMMISSIONER
DISSENTING:
S/ _________________________ DIANNE C. SELLERS COMMISSIONER